O’Connell, J.
This is an action brought by the commissioners of Hamilton county, Ohio, against Howard Ferris, Kate B. Nippert and Charles F. Malsbary.
The petition recites that Howard Ferris, Carl L. Nippert and C. F, Malsbary were probate judges of Hamilton county, Ohio. *172 It names the terms during which each held office and says that each duly gave bond in accordance with Section 529' of the Be-vised Statutes of Ohio for each of their respective terms. Each bond stipulates among other things: “Now if the said-shall faithfully pay over all money received in his official capacity * * * then -this obligation shall be .void. ’ ’ The petition then alleges that the said Ferris did not faithfully pay over all money coming into his hands as probate judge to the extent of $634.61. This amount was part of a large sum deposited in the Commercial Bank of Cincinnati, which failed and went into liquidation, and failed to pay over said amount to said Ferris or his successors. The sum on deposit in the Commercial Bank at and after the time of its failure was carried on the books of .the probate court as ‘ ‘ cash in bank. ’ ’ When- the term of Ferris expired, his successor, Nippert, accepted it as such and carried it as a cash asset. When Nippert .died his successor, Malsbary, accepted it as such and carried it as a cash asset.
The petition alleges further that owing to the method of keeping the boobs of accounts of the probate court the said variance from actual cash on hand was not discovered until disclosed by an examination made by the state authorities in 1907. The petition alleges further that none of the defendants have paid over to Hamilton county the said sum or any part thereof and that the defendants are jointly and severally liable for the same.
The answer of Howard Ferris admits his incumbency of the' office of probate judge and the giving of bond, but by way of a first defense enters a general denial. By way of a second defense he pleads the statute -of limitations, which he avers is six years.
The answer of Charles F. Malsbary admits his incumbency of the office of probate judge from the 19th day of September, 1904, to the 9th day of February, 1909, and admits that when he took charge of the probate court as the judge thereof, there was a shortage on jthe boobs of said court of $634.61 on account of the failure, and liquidation of the Commercial Bank, as alleged in the petition, but he alleges that this sum had been paid and that on the 16th day of November, 1906, Kate B. Nippert, as ex- *173 eeutrix of Carl L. Nippert, voluntarily .paid to him as said probate judge the full amount of said shortage, and that as such probate judge he gave her as executrix a good and valid and full receipt for the same, and that the said books of account of said court have been ever since in balance on account of the payment of 'said shortage, all of which is shown by the accounts kept in the books of said probate court.
Kate B. Nippert answers individually and as administratrix of the estate of Carl L. Nippert. She admits the deposit of the funds .in the Commercial Bank and the shortage of the county funds in the amount set out in the petition, which said sum had been carried as a cash asset. By way of special defense she says that individually and not as administratrix of the estate of her. husband, on or about the 16th day of November, 1906,. acting under a mistake both of law and of fact, she paid said sum to the then probate judge, Malsbary. Thereafter, when apprised of the real facts in regard to the alleged shortage she applied to the commissioners of Hamilton county, who set aside the said sum as a separate fund in the country treasury in her name. She denies further any liability on the part of any of the probate judges.
It is the contention of the defendants as disclosed in their briefs that the defendants are not liable because, first, of the statute of limitations, and secondly, irrespective of the statute, because there is no liability on the part of defendants, due care having been exercised on the part of the defendant Ferris in selecting a bank, and the loss of the money having occurred through no overt act of any defendant, but by reason of facts beyond their control.
It is their contention further'that the liability accrued at the time of the failure of the Commercial Bank, or in any event, prior to 1902, when Judge Ferris ceased to be probate judge.
Conceding that the bank failed in 1895 as stated in- their briefs, and that the terms of Judge Ferris thereafter expired respectively in 1897, in 1900 and 1902, it is difficult to see how he could avoid liability simply because one term of office expired and another began.
*174 It must be remembered that these actions are not against the bondsmen, but against the officials themselves. The county has a right, if it sees fit, to disregard the sureties and seek to hold the principals on the bonds. Regardless of what might be concealed from his bondsmen, the'judge himself had knowledge of the status of affairs, and as by our statutes the probate judge is also ex-officio his own clerk, he was at liberty to carry his funds and balances in any manner of his own selection. Although the Commercial Bank had failed and the outcome was problematical, and although he could not withdraw them or draw on them as a deposit for a single penny, he chose to carry on his books and report to the county commissioners periodically that the funds he had deposited there were “cash in bank” or a cash asset. Although theoretically each of his terms was an entity in itself, yet practically and in the eyes of the law there was no severance of his relationship to the probate court and of his control over its books and its funds until his connection with the court ceased in 1902, and Carl L. Nippert became probate judge. Therefore, the cause of action as against him did not accrue until 1902, when on leaving office he failed to turn over to his successor ‘ ‘ all moneys received in his official capacity.”
It has 'been repeatedly held in Ohio and elsewhere that a public officer can not escape a statutory liability through theft, the failure of a bank, or other circumstances beyond his control. When through his official bond he contracts “to faithfully pay over all moneys received in his official capacity,” he makes a binding contract permitting of no exceptions not strictly provided for in the bond itself. The bond being plain and unambiguous'in its terms should be treated as any other written contract.
The rule is otherwise where the officer is not so bound by the terms of his bond, and in many states where there is no statutory provision, the common law requirements of “due care” is all that is demanded of the official, but such is not the law in Ohio.
But his counsel contend that the action is barred by the statute of limitations, which they assert is the limit of six years. This contention is hardly tenable. Section 11226 of the General Code provides: • .
*175 “An action on the official bond or undertaking of an officer, assignee, trustee, executor, administrator or guardian, or on a bond or undertaking given in pursuance of statute shall he brought within ten years after the cause thereof accrued.”
The petition on its face clearly shows that the action is against the probate judges on their bonds. It is not an action for a failure to pay over money had and received. It is an action on official bonds, hence is subject only to the provisions of Section 11226. The limitation is ten years and not six years. The plea of the statute of limitations is therefore unavailing, the petition having been filed in 1909. As the terms of office of Judges Nip-pert and Malsbary succeeded that of Judge Ferris, it necessarily follows that the plea' of the statute as to them is likewise unavailing.
The further question, however, presents itself regarding them, as to what extent, if any, they are liable in having accepted the statement of the account in the Commercial Bank in lieu of the cash itself. No question of fraud or mistake has been pleaded on their behalf. For the purposes of this case it must be held that they were fully cognizant of the status of affairs and each acquiesced in the situation as he found it. In the first place, then, each assumed the responsibility of this being a cash asset, otherwise each would have repudiated it, having knowledge that there was a deficit between the amount of cash actually in the possession of the court and what purported to be cash on hand. After a voluntary assumption of the fictitious account, can they now be heard to say that they did not receive the money; that the account being fictitious and that not having received the money, they are not liable for its loss? If they accept such alternative are they not still liable under their bonds wherein they obligated themselves to faithfully discharge the duties of their office, when they voluntarily carried a fictitious account, the money not being in the possession, custody, or even under the control of the court, there being in fact a deficit? If Judge Nippert accepted from his predecessor, Judge Ferris, as cash a doubtful asset in process of liquidation and carried that item on his boobs as cash, making periodical reports of such as cash to *176 the county commissioners at the periods required by law, and if, as a matter of fact, it was not on hand, then he is liable under his bond for the deficiency. Similarly if Judge Malsbary accepted the accounts of Judge Nippert as being correct and carried on his books as cash an item which was not in existence and cash which he did not have, periodically reporting this item as cash to the county commissioners when as a matter of fact he did not have such cash on hand, then he is liable under his bond for the deficiency.
The county commissioners in this petition have sued two judges and the administratrix of the other who died during his term of office, alleging that they are jointly and severally liable.
The court finds that the petition states a good cause of action against each defendant. The court further finds that the defenses as pleaded and elaborated in the briefs of counsel are not good in law save only, of course, the pleas of the general denial and of payment.
Mrs. Kate B. Nippert, widow of Carl L. Nippert, answering as an individual, says that acting as an individual and not as administratrix of her husband’s estate, and acting under a mistake both of law and of fact, she paid the sum of $634.61 to Hamilton county. If this be true, she should be relieved and the money refunded. And her answer avers a willingness on the part of the county commissioners to make such restitution under certain contingencies. This answer, however, can not be passed on as a question of law, for taken in connection with the answer of Judge Malsbary, both raise such questions of fact as are only capable of adjustment by a jury.
The petition prays for a money judgment in the sum of $634.-61. Such cause on the issues remaining under the several answers is one for submission to a jury, a jury not having been waived.. It is therefore ordered that this cause be sent to a jury room for submission to a jury on the questions of fact involved.